## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

MARISSA GOMEZ,                              Case No. 8:23-cv-00413-MSS-CPT

      Plaintiff,

v.

BLOOMINGDALE'S, LLC,

      Defendant.

_____/

## DEFENDANT'S MOTION TO DISMISS CLASS ACTION COMPLAINT

Defendant Bloomingdales.com, LLC (improperly named as Bloomingdale's, LLC) ("Bloomingdale's"), by and through its undersigned counsel and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, hereby moves this Court for the entry of an Order dismissing the Class Action Complaint (the "Complaint") filed by Plaintiff Marissa Gomez, individually and on behalf of all others similarly situated ("Plaintiff"), and in support thereof (the "Motion"), states as follows:

## FACTUAL AND PROCEDURAL POSTURE

1.     On October 26, 2022, Plaintiff filed her one-count Complaint seeking injunctive relief and statutory damages for alleged violations of the Florida Telephone Solicitation Act, Fla. Stat. § 501.059, *et seq.* ("FTSA"), against Bloomingdale's, in the Circuit Court of the Sixth Judicial Circuit, in and for Pasco

County, Florida (the "State Court"), identified as Case No. 22-CA-002768 (the "State Court Action").

2.     The Complaint set forth one count for relief pursuant to the FTSA.  It also purports to be on behalf of a class of similarly situated persons.  The Complaint alleges Bloomingdale's made and/or knowingly allowed telephonic sales calls to be made to Plaintiff and the Class members utilizing an automated system for the selection or dialing of telephone numbers without Plaintiff's or the Class members' prior express written consent, in violation of Section 501.059(8)(a) of the Florida Statutes.  *See* Compl. ¶¶ 35–36.

3.     Specifically, the Complaint alleges that Bloomingdale's made or caused to be made telephonic sales calls into Florida to Plaintiff's telephone number without prior express written consent.  *See* Compl. ¶¶ 10, 13, 34.  The Complaint contends that Bloomingdale's utilized an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to make the telephonic sales calls to Plaintiff.  *See* Compl. ¶¶ 16, 36–37.

4.     On February 23, 2023, Bloomingdale's removed this action from the State Court to this Court.

2

5.      Bloomingdale's now seeks dismissal of the Complaint based on: (i) Bloomingdale's being improperly named, and (ii) the failure to satisfy basic pleading requirements.

## **MEMORANDUM OF LAW**

6.      When reviewing a motion under Rule 12(b)(6), a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002). However, this tenet does not apply to legal conclusions as courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Thaeter v. Palm Beach Cty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006). A complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *see Iqbal*, 556 U.S. at 678 (Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Courts "may infer from the factual allegations in the complaint 'obvious alternative explanations,' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 682).

7. The Eleventh Circuit has "roundly, repeatedly, and consistently" condemned shotgun pleadings as in violation of the applicable rules. *See Davis v. Coca-Cola Bottling Co. Consolidated*, 516 F.3d 955, 979 (11th Cir. 2008). The Eleventh Circuit has identified four categories of shotgun pleadings, but the common theme is that they fail to "give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1322–23 (11th Cir. 2015).

8. The Complaint should be dismissed for (i) naming the incorrect party defendant, and (ii) failure to satisfy basic pleading requirements. The Complaint names Bloomingdale's, LLC as the Defendant. However, the proper party to this action is Bloomingdales.com, LLC. Because the Complaint identified the improper party as defendant, the Complaint should be dismissed against Bloomingdale's. *See Thomas v. Hillsborough Cnty. Sheriff's Off.*, No. 20-CV2756-CEH-AAS, 2021 WL 3930511, at *2 (M.D. Fla. Sept. 2, 2021) (finding the complaint was due to be dismissed against the named defendant because the named defendant was the improper party).

9. The Complaint attempts to plead a violation of the FTSA but does so in an entirely conclusory and shotgun manner. The Complaint contains nothing more than a "formulaic recitation of the elements of a cause of action" without satisfying basic pleading requirements. *Twombly*, 550 U.S. at 555. In fact, Plaintiff has filed

multiple nearly identical complaints against other defendants, with the only difference being the name of the defendant she accuses of violating the FTSA.[1] Throughout, her allegations are merely vague and conclusory recitations of the statutory elements. For instance, the Complaint contends that Bloomingdale's utilized an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to make the telephonic sales calls to Plaintiff. *See* Compl. ¶¶ 16, 36–37. This merely repeats the language of the statute. There are no factual allegations in the Complaint that are or can be supported by evidence which would give rise to legal liability on Bloomingdale's part. *See Twombly*, 550 U.S. at 556 (finding that the complaint must provide "enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]"). Throughout the Complaint's 38 paragraphs, Plaintiff

---

[1] *Gomez v. Trulieve Inc.*, Case No. 22-CA-002004 (Pasco County, Fla. Aug. 3, 2022); *Gomez v. MMM Consumer Brands Inc.*, Case No. 22-CA-002008 (Pasco County, Fla. Aug. 3, 2022); *Gomez v. Sprinkles Cupcakes CA LLC*, Case No. 22-CA-002010 (Pasco County, Fla. Aug. 3, 2022); *Gomez v. DFMMJ Investments LLC*, Case No. 22-CA-002013 (Pasco County, Fla. Aug. 4, 2022); *Gomez v. PSP Group LLP*, Case No. 22-CA-002014 (Pasco County, Fla. Aug. 4, 2022); *Gomez v. Tapestry, Inc.*, Case No. 22-CA-002015 (Pasco County, Fla. Aug. 4, 2022); *Gomez v. Trulieve Inc.*, Case No. 22-CA-002643 (Pasco County, Fla. Oct. 11, 2022); *Gomez v. Old Navy Inc.*, Case No. 22-CA-002725 (Pasco County, Fla. Oct. 21, 2022); *Gomez v. Express Inc.*, Case No. 22-CA-002767 (Pasco County, Fla. Oct. 26, 2022); *Gomez v. Edible Arrangements LLC*, Case No. 22-CA-002769 (Pasco County, Fla. Oct. 26, 2022); *Gomez v. The Childrens Place Inc.*, Case No. 22-CA-002848 (Pasco County, Fla. Nov. 3, 2022); *Gomez v. Lands End Inc.*, Case No. 22-CA-002849 (Pasco County, Fla. Nov. 3, 2022); *Gomez v. Dollar General Corporation*, Case No. 22-CA-002852 (Pasco County, Fla. Nov. 3, 2022); *Gomez v. Soko Glam Inc.*, Case No. 22-CA-002854 (Pasco County, Fla. Nov. 3, 2022); *Gomez v. Premier Brands Group Holdings LLC*, Case No. 22-CA-002855 (Pasco County, Fla. Nov. 3, 2022); *Gomez v. Banana Republic LLC*, Case No. 22-CA-002901 (Pasco County, Fla. Nov. 9, 2022).

simply parrots the language of the FTSA statute or class action standards without alleging any particular facts, just as she has done in identical lawsuits against other defendants.   As such, the Complaint should be dismissed in its entirety.   *See Barmapov v. Amuial*, 986 F.3d 1321 (11th Cir. 2021).

WHEREFORE, Defendant Bloomingdales.com, LLC (improperly named as Bloomingdale's, LLC) respectfully requests the entry of an order dismissing the Complaint and providing such other and further relief the Court deems just and proper.

Dated: March 2, 2023.

*/s/ Bridget M. Dennis*
RYAN C. REINERT
Florida Bar No. 81989
BRIDGET M. DENNIS
Florida Bar No. 1024897
SHUTTS & BOWEN LLP
4301 W. Boy Scout Blvd., Ste 300
Tampa, Florida 33607
Telephone: (813) 229-8900
Email:   rreinert@shutts.com
             bdennis@shutts.com
*Attorneys for Bloomingdales.com, LLC (improperly named as Bloomingdale's, LLC)*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 2, 2023, a copy of the foregoing has been filed with the Court by Electronic Filing to: Benjamin W. Raslavich, Kuhn Raslavich, P.A., 2110 W Platt St, Tampa, FL 33606.

*/s/ Bridget M. Dennis*
Attorney

7